# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-1222V
UNPUBLISHED

|  |  |
|---|---|
| WILLIAM O. LEDBETTER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 26, 2021<br><br>Special Processing Unit (SPU); Joint<br>Stipulation on Damages; Influenza<br>(Flu) Vaccine; Guillain-Barre<br>Syndrome (GBS) |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On August 15, 2018, William O. Ledbetter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain‑Barré Syndrome ("GBS"), which meets the Table definition for GBS, after receiving the influenza vaccine on September 29, 2017. Petition at 1, ¶¶ 2, 14, 19(a); Stipulation, filed at Jan. 26, 2021, ¶¶ 1-2, 4. Petitioner further alleges he received the vaccine in the United States, that he suffered the residual effects of his GBS for more than six months, and that neither he nor any other party has filed a civil action or received compensation for his GBS. Petition at ¶¶ 2, 16-17, 19(b); Stipulation at ¶¶ 3-5. "Respondent denies that [P]etitioner sustained a GBS Table injury and further denies that the flu vaccination is the cause of [P]etitioner's alleged GBS or any other injury or his current condition." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on January 26, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

A. **A lump sum in the amount of $276,602.42, representing compensation in the amounts of $101,086.00 for life care expenses in the first year after judgment, $175,000.00 for actual pain and projected pain and suffering, and $516.42 for actual unreimburseable expenses in the form of a check payable Petitioner; and**

B. **An amount sufficient to purchase the annuity contract as described in paragraph 10 of the Stipulation.**

These amounts represent compensation for all damages that would be available under Section 15(a).

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| WILLIAM O. LEDBETTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 18-1222V |
| v. | ) | Chief Special Master |
| | ) | Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN | ) | ECF |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. William O. Ledbetter ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on September 29, 2017.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he experienced the onset of Guillain-Barre syndrome ("GBS") within the Table time period, that his condition was caused by the flu vaccine, and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

1

6. Respondent denies that petitioner sustained a GBS Table injury and further denies that the flu vaccination is the cause of petitioner's alleged GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1]
>
> b. A lump sum of **$276,602.42** in the form of a check payable to petitioner, consisting of first year costs ($101,086.00); past and future pain and suffering ($175,000.00); and past unreimbursed expenses ($516.42). This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

      d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life

Insurance Company will agree to make payments periodically to petitioner for the following life

care items available under 42 U.S.C. §300aa-15(a).

      a. For future unreimbursable Medicare Part B Premium, Medicare Supplemental Plan C, and Medicare Part D Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,876.49 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5.0%), compounded annually from the date of judgment;

      b. For future unreimbursable podiatry care expenses beginning on the first anniversary of the date of judgment, an annual amount of $390.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

      c. For future unreimbursable manual wheelchair, cushion, wheelchair maintenance, adaptive aides, toilet seat, shower spray, shower chair, mattress, lifeline, patient lift and lift slings expenses beginning on the first anniversary of the date of judgment, an annual amount of $870.15 to be paid up to the anniversary of the date of judgment in year 2023, then beginning on the anniversary of the date of judgment in year 2023, an annual amount of $760.15 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

      d. For future unreimbursable non-prescription medication expenses beginning on the first anniversary of the date of judgment, an annual amount of $623.64 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

      e. For future unreimbursable sanitary gloves and wipes expenses beginning on the first anniversary of the date of judgment, an annual amount of $645.02 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

      f. For future unreimbursable home health aide and case management expenses beginning on the first anniversary of the date of judgment, an annual amount of $38,430.00 to be paid up to the anniversary of the date of judgment in year 2023, then beginning on the anniversary of the date of judgment in year 2023, an annual amount of $50,840.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

3

g. For future unreimbursable wheelchair van maintenance expenses beginning on the first anniversary of the date of judgment, an annual amount of $300.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the

4

special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine that was administered on September 29, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about August 15, 2018, in the United States Court of Federal Claims as petition No. 18-1222V.

17. If petitioner should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

6

21.  This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or

any other injury or his current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's

heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*William O. Ledbetter*
WILLIAM O. LEDBETTER

ATTORNEY OF RECORD FOR
PETITIONER:


*Nancy R. Meyers*
NANCY R. MEYERS
Turning Point Litigation
300 N. Green Street, Suite 2000
Greensboro, NC 27401
(336) 645-3324

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:


*Heather L. Pearlman*
HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*CAPT Dale Mishler, DHSc, for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*Darryl R Wishard*
*by Heather L Pearlman*
~~LINDA S. RENZI~~ Darryl R. WISHARD
~~Senior Trial Counsel~~ Assistant DIRECTOR
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-~~4133~~ 4357

Dated: 01|26|2021

8